JUDGE KOELTL

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
TAMMY FASTMAN
*Attorneys for Plaintiffs*
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY 10005-1801

RECEIVED MAR 0 9 2011 U.S.D.C. S.D. N.Y. COMPLETED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
NATIONAL LIABILITY AND FIRE
INSURANCE COMPANY a/s/o HENRY           11 Civ.
SHEIN, INC.,
                                                          **COMPLAINT**
                    Plaintiff,

        - against -

PHOENIX INTERNATIONAL FREIGHT
SERVICES, LTD. and CHINA SHIPPING
(NORTH AMERICA),

                    Defendants.
-----------------------------------------------------------X

Plaintiff, by its attorneys, MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, alleges upon information and belief, as follows:

**FIRST**: All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**SECOND**: At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and principal office and place of business stated in Schedule "A", hereto annexed, and by this reference made a part hereof.

27/1548137.v1

**THIRD:** At and during all the times hereinafter mentioned, Defendants had and now have the legal status and office and place of business stated in Schedule "A", and was and now is engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessel above named as a common carrier of merchandise by water for hire.

**FOURTH:** This Court has personal jurisdiction over the Defendants, and venue is proper by reason of Defendants' regular and systematic contacts with the State of New York and by reason of the forum selection clause contained in the bill of lading contract of carriage issued by Defendants, which specifies that disputes under said bill of lading are subject to the jurisdiction of the United States District Court for the Southern District of New York.

**FIFTH:** At and during all the times hereinafter mentioned, the said vessel was and now is a general ship employed in the common carriage of merchandise by water for hire, and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

**SIXTH:** On or about the date and at the ports of shipments stated in Schedule "A", there was shipped by the shipper therein named and delivered to Defendants and the said vessel, as common carriers, the shipments described in Schedule "A" then being in good order and condition, and Defendants and the said vessel then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipments to the ports of destination stated in Schedule "A", and there deliver the same in

like good order and condition as when shipped, delivered to and received by them, to the consignees named in Schedule "A".

**SEVENTH**: Thereafter, the said vessel arrived at the port of destination, where it and Defendants made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matter and things stated in Schedule "A", all in violation of Defendants' and the said vessel's obligations and duties as a common carrier of merchandise by water for hire.

**EIGHTH**: Plaintiff was the shipper, consignee or owner of the shipments described in Schedule "A" and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as its respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**NINTH**: By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $54,547.80.

**WHEREFORE**, Plaintiff prays:

    1.    That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

    2.    That if Defendants cannot be found within this District, then all its property within this District as shall be described in Schedule "A", be attached in the sum of $54,547.80, with interest thereon and costs, the sum sued for in this Complaint;

3. That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matter aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefor; and

5. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
March 8, 2011

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
*Attorneys for Plaintiff,*

BY: *[signature]*
TAMMY EASTMAN
Wall Street Plaza
88 Pine Street
New York, New York  10005-1801
(212) 376-6400
(File:  19261.00317 TF)

## SCHEDULE A

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff, National Liability and Fire Insurance Co. a/s/o Henry Schein, Inc., was and now is a corporation organized and existing under and by virtue of the laws of one of the States of the United States with an office and place of business at 100 First Stamford Place, Stamford, Connecticut 06902.

Henry Schein, Inc. was and now is a corporation organized and existing under and by virtue of the laws of one of the States of the United States with an office and place of business at 135 Duryea Road, Melville, NY 11747

**Defendants' Legal Status and Office and Place of Business:**

Defendant, Phoenix International Freight Services, Ltd. was and now is a corporation or other business entity organized and existing under and by virtue of the laws of one of the United States with an office and place of business at 65 Jackson Drive, Cranford, NJ 07016, with an agent for service of process at Phoenix International Freight Services, Ltd., c/o National Registered Agents, Inc., Suite 501, 875 Avenue of the Americas, New York, NY 10001.

Defendant, China Shipping (North America) was and now is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country, with an office and place of business at 11 Philips Parkway, Montvale, NJ 07645, with an agent for service of process at China Shipping Container Lines (North America), c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

| | | |
|---|---|---|
| Vessel | : | *XIN MEI ZHOU, Voy. 0029E* |
| Bill of Lading No. | : | SHA30128655 |
| Container No. | : | TGHU 9221988 |
| Date of Shipment | : | o/a April 20, 2010 |
| Port of Loading | : | Shanghai |
| Port of Discharge | : | Los Angeles, CA |
| Date of Discharge | : | o/a May 6, 2010 |

| | | |
|---|---|---|
| Shipper | : | A.R. Medicom, Inc. (Shanghai Ltd.)<br>No. 936 Xianjin Road, Songjiang, Shanghai |
| Consignee | : | Henry Schein, Inc.<br>135 Duryea Road, Melville, NY 11747 |
| Description | : | 4,877 Cartons of Surgical Masks |
| Nature | : | Oil Contamination and Odor |
| Amount | : | $54,547.80 |
| File No. | : | 19261.00317 (TF) |